Michael Charles Benson, AK Bar No. 1311070
Assistant Federal Public Defender
Email: Michael_Benson@fd.org
101 SW Main Street, Suite 1700
Portland, OR 97204
Tel: (503) 326-2123
Attorney for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:25-cr-00079-AN |
| Plaintiff, | MOTION FOR RELEASE |
| v. | |
| GERSON FERNANDO MOLINA-ORANTES, | |
| Defendant. | |

Defendant, Gerson Fernando Molina-Orantes through his attorney Michael Charles Benson, moves this Court for an Order to release Mr. Molina-Orantes pre-trial. Mr. Molina-Orantes will appear before the Court on April 21, 2025, for a hearing to determine whether the government has met its burden to show that Mr. Molina-Orantes poses a substantial risk of flight allowing the Court to hold a detention hearing. Because of Mr. Molina-Orantes' lack of criminal history, substantial ties to Oregon, solid release plan, and the minimal sentencing exposure he faces, the government cannot make that showing on this record. The Court should not hold a detention hearing and should release Mr. Molina-Orantes. Even if the Court holds a detention

hearing, the Court should follow the recommendations of pre-trial services and find that appropriate conditions can be imposed to reasonably assure Mr. Molina-Orantes' appearance in court and community safety.

### A. The government must show a risk of active flight and not mere non-appearance, and its arguments fall short in this case.

The Bail Reform Act is supposed to be a statute of release: "Only in rare circumstances should release be denied, and doubt regarding the propriety of release should be resolved" in Mr. Molina-Orantes' favor. *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir 1991). The structure of the statute reflects the overarching goal of release on recognizance or conditional release pending trial. The statute allows the court to release a defendant on his or her own recognizance or under conditions of release. 18 U.S.C. § 3142(a)(1) & (2). When releasing a defendant, the Court is only authorized to impose the "least restrictive further conditions, or combination of conditions," that reasonably assure appearance in court and community safety. 18 U.S.C. § 3142(c)(B).

The Act does not grant a generalized discretion to detain any defendant in any case. Instead, the Act only allows a detention hearing in two instances. First, the Act authorizes detention hearings for certain kinds of offenses or for defendants with certain kinds of criminal histories, which are not present in this case. 18 U.S.C. § 3142(f)(1). Second, the Act authorizes detention hearings where the government can show either a "serious risk" of flight or a "serious risk" of obstruction of justice. 18 U.S.C. § 3142(f)(2). Absent a showing under (f)(1) or (f)(2), a detention hearing is not authorized under the Act and a defendant may not be detained.

The Act only allows the Court to hold a detention hearing upon proof of a serious risk of flight. Congress' choice of words in the Act of "flight" in subsection (f) rather than "appearance"

Page 2 Motion for Release

as in subsection (g) matters. *See Bare v. Barr*, 975 F.3d 952, 968 (9th Cir. 2020) ("It is a well-established canon of statutory interpretation that the use of different words or terms within a statute demonstrates that Congress intended to convey a different meaning for those words.") (quoting *SEC v. McCarthy*, 322 F.3d 650, 656 (9th Cir. 2003)); compare 18 U.S.C. § 3142(e)(1) (referring to conditions that "reasonably assure the appearance of the person") with 18 U.S.C. § 3142(f)(2)(A) (using the word "flee"). When considered alongside (f)(2)(B)'s reference to obstruction of justice including attempts to "threaten, injure, or intimidate" witnesses, the Bail Reform Act is concerned with active, intentional efforts to undermine prosecution by fleeing. The issue is not merely one of failing to appear in court, but of actively evading prosecution. *See, United States v. White*, 2021 WL 2155441, at *10 (M.D. Tenn. May 27, 2021) (recognizing that "serious flight risk" is narrower than "flight risk" and is "distinct from risk of non-appearance").

      Here, Mr. Molina-Orantes has no criminal history or history of fleeing or evading prosecution. The discovery that has been provided to date shows that when Mr. Molina-Orantes was apprehended at the border in March of 2020 he spoke with immigration officials, made no documented efforts to elude or evade prosecution, and provided apparently truthful and complete answers to their questions. More recently on April 16, 2025, when he was arrested, he pulled over as he was instructed to, introduced himself by his middle name and provided valid Oregon identification with his full name and information. The discovery claims that Mr. Molina-Orantes waived his Miranda rights and answered all of the agents' questions, again apparently truthfully and completely.

      The government has indicated it intends to charge Mr. Molina-Orantes with new crimes, though has not specifically indicated what crimes it intends to charge him with. The

government's basic view appears to be that Mr. Molina-Orantes was involved in his cousin Ms. Barrera-Orantes' conduct which has led to charges against her for money laundering. This argument really goes more to community safety rather than risk of flight. There is nothing inherently illegal in the conduct Mr. Molina-Orantes was observed to be engaged in—working as a driver. What is more the government's allegation is essentially that Ms. Barrera-Orantes operated businesses that, while on their surface appeared legitimate, actually allowed drug dealers to launder money. Nothing in the information that has been provided so far shows that Mr. Molina-Orantes had any reason to think his cousin's business was anything other than the legitimate operation it appeared to be. None of Ms. Barrera-Orantes' other employees of her multiple businesses have so far been charged for any criminal conduct presumably for that very reason. In short, this argument does not provide a reason to think that there is a "serious" risk Mr. Molina-Orantes will make active efforts to flee prosecution.

      **B.**      **Mr. Molina-Orantes has substantial ties to Oregon, no criminal history, and no significant barriers to release.**

Mr. Molina-Orantes has one sister, four aunts, one uncle, and multiple cousins in the United States. All of them live in Oregon. He does not appear to have significant ties to any other states. He has no criminal history at all. While he has been detained and deported by border patrol, he does not appear to have ever been arrested for a crime beyond the instant case. He has no serious mental health or substance abuse issues. He has a place to live and a loving extended family who will support him. In short, he has all of the supports in place to appear in court and no significant barriers to release.

**C.     Mr. Molina-Orantes does not face significant sentencing exposure in this case.**

Because Mr. Molina-Orantes has no criminal history of any kind, his base offense level for this offense is eight and no guideline enhancements appear to apply. USSG § 2L1.2(a). That means that after losing at trial Mr. Molina-Orantes' presumptive sentencing range would be between zero and six months. He has already served more time in custody than the bottom end of the guidelines. Mr. Molina-Orantes is also eligible for the zero-point offender reduction of two levels. USSG § 4C1.1(a). That means that if Mr. Molina-Orantes were to enter a plea, his final adjusted offense level would likely be four. It simply would not make sense for Mr. Molina-Orantes to flee Oregon to avoid being prosecuted on a case where he likely faces no jail time.

**D.     Even if a detention hearing is held, conditions exist that could reasonably assure Mr. Molina-Orantes' appearance and safety.**

While the government has not met its burden of showing a significant risk that Mr. Molina-Orantes will flee to evade prosecution, even if this Court holds a detention hearing conditions exist that could reasonably assure Mr. Molina-Orantes' appearance and the safety of the community. Pre-trial services has recommended conditions including requiring him not to apply for any international travel documents, travel outside of the state, or change residences without the approval of pre-trial services. These conditions are at the very bottom end of the conditions pre-trial ordinarily recommends, and if the Court is not satisfied by them many standard options exist to restrict Mr. Molina-Orantes further up to and including location monitoring.

**Conclusion**

Mr. Molina-Orantes has ties to Oregon, no criminal history, and faces minimal potential sanctions for the offense he has been charged with. He has apparently been cooperative with law

enforcement. Not only does he have no reason to flee he has no pre-disposition to flee. On these facts, the Court should find that the government has not met its burden to show a serious flight risk and should simply release Mr. Molina-Orantes.

Dated: April 23, 2025.

                                            */s/ Michael Charles Benson*
                                            Michael Charles Benson, AK Bar No. 1311070